# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned September 20, 2012

## KATHRYN A. DUKE v. HAROLD W. DUKE, III

**Appeal from the Chancery Court for Williamson County**
**No. 33519      James G. Martin, III, Judge**

---

**No. M2012-01964-COA-10B-CV - Filed October 2, 2012**

---

PATRICIA J. COTTRELL, P.J., M.S., filed an opinion concurring in part and dissenting in part.

I agree with the majority's affirmance of the trial court's denial of Father's recusal motion. However, I would have held that the grounds previously raised by Father two years earlier were not subject to our review under Tenn. Sup. Ct. R. 10B and, therefore, would have dismissed that part of the appeal. I would affirm denial as to the new grounds upon the reasoning set out in the majority opinion.

The reason I would dismiss the previously-raised grounds involves my interpretation of the Supreme Court's language regarding the prospective application of the new rule. The Court's order adopting Rule 10B states that the rule "shall take effect on July 1, 2012, and shall have **prospective application** only, applying to all **motions** for disqualification or recusal **filed on or after that date**." (Emphasis added.)

The father's original motion for recusal was filed in 2010, obviously prior to July 1, 2012. Consequently, Tenn. Sup. Ct. R. 10B does not apply to that motion or the trial court's denial thereof, and the majority recognizes that conclusion.

Since Father's initial motion to recuse could not be considered under Rule 10B, I cannot agree that a motion filed two years later that is the same in substance can be so reviewed. Refiling a denied recusal motion, on the same grounds, and labeling it "Renewed" does not suffice to bring it within Tenn. Sup. Ct. R. 10B. In other words, I do not believe that a party can make Rule 10B applicable to a motion for recusal filed prior to July 1, 2012, merely by filing a "renewed" motion after July 1, 2012, stating the same grounds.

The father filed his "Renewed Motion for Recusal" after the trial of the post-divorce matters and the denial of his motion to reopen the proof. That motion stated that the father "renews his motion" and began the argument with "as previously presented to the court . . . ." In the petition filed in this court, the father concedes that "the primary basis for recusal remained unchanged throughout the proceedings with only the scope of issues and remedies sought in the post divorce trial changing." The previously presented motion had been denied, and no interlocutory appeal was sought.

The majority holds that Rule 10B applies to motions filed after July 1, even if the motion was filed earlier on the same grounds "provided the alleged grounds persist." The word "persist" and the example given by the majority do not, in my opinion, fit the facts in the case before us. The ground alleged herein is based upon a professional relationship existing for a very brief time five years before the first recusal motion and ten years before the renewed motion. That relationship does not still exist; the facts of the relationship will never change. That does not mean that the relationship persists.

In the example given by the majority, the judge has continued in a business relationship since the first motion to recuse. The relationship persists. That presumably means that the judge has engaged in conduct since the original motion. Therefore, there are acts or conduct occurring after the ruling on the first motion that can be the basis of a new motion without simply renewing the original motion.

To the extent the August 13, 2012, motion for recusal is merely a renewal of the 2010 motion, it is my opinion that Tenn. Sup. Ct. R. 10B does not apply, and Father is not entitled to an interlocutory appeal as of right from the denial of the renewed motion for recusal or the application of the *de novo* standard of review. To allow otherwise would defeat the Supreme Court's directive that Tenn. Sup. Ct. R. 10B have prospective application only.

_____
PATRICIA J. COTTRELL, JUDGE